10-2142-cr
United States v. Tapia-Vitinio

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of May, two thousand eleven.

PRESENT:   REENA RAGGI,
                    RAYMOND J. LOHIER, JR.,
                             *Circuit Judges*,
                    JOHN G. KOELTL,
                             *District Judge*.[*]

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                             *Appellee*,

                   v.                                          No. 10-2142-cr

MICHAEL TAPIA-VITINIO,
                             *Defendant-Appellant*.

-----------------------------------------------------------------------

FOR APPELLANT:          Barry D. Leiwant, Federal Defenders of New York, Inc., New York, New York.

FOR APPELLEE:           Kan M. Nawaday (Katherine Polk Failla, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

[*] District Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 20, 2010, is AFFIRMED.

Defendant Michael Tapia-Vitinio stands convicted on a guilty plea of illegally reentering the United States, without permission, after having been deported following a conviction for the commission of a felony. See 8 U.S.C. § 1326(a), (b)(1). On appeal, Tapia-Vitinio challenges the reasonableness of his 29-month prison sentence – a variance from the applicable 10-to-16-month Guidelines range – on both procedural and substantive grounds. See United States v. Booker, 543 U.S. 220, 261-62 (2005); United States v. Canova, 485 F.3d 674, 679 (2d Cir. 2007). Reasonableness review is akin to that for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 187-89 (2d Cir. 2008) (en banc), and considers "both the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural reasonableness)," United States v. Canova, 485 F.3d at 679. We assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Procedural Reasonableness

Tapia-Vitinio submits that the district court committed procedural error by imposing an above-Guidelines sentence without ever stating that the applicable Guidelines range was 10 to 16 months, and by failing adequately to explain how it arrived at its 29-month sentence. He contends that the district court failed in its obligation to "begin [its] analysis with the

2

Guidelines and remain cognizant of them throughout the sentencing process." Gall v. United States, 552 U.S. 38, 50 n.6 (2007).

There is no merit in these arguments. The Pre-Sentence Report contained the Guidelines calculation that resulted in the 10-to-16-month range. At sentencing, the district court expressly "adopt[ed] the presentence report and the guideline computation and range it contains," without any objection from the parties. Sentencing Tr. at 2. Moreover, the court stated at the outset that it was "considering a variance on the upside" from the Guidelines range, id. at 2-3, and explained in imposing its sentence that Tapia-Vitinio "entered the United States illegally and w[as] removed multiple times before [he was] ever prosecuted," he was eventually prosecuted and served a four-month jail sentence, but he nonetheless again returned to the United States illegally, id. at 5-6. The district court emphasized the need for specific and general deterrence, and concluded:

> I think the remarks I have made up to now are sufficient to explain the reason for my upward variance from the sentencing guideline range. But let me be clear that it is my finding and my judgment that the sentence I have imposed is the minimum necessary to achieve the various objectives set forth in the Sentencing Reform Act in light of the history and characteristics of this defendant.

Id. at 7.

Tapia-Vitinio has offered no reason to doubt that the district court understood the Guidelines range that it was adopting from the Pre-Sentence Report, or that the court had this range in mind when it explicitly varied upward. Cf. United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005) ("[N]o specific verbal formulations should be prescribed to demonstrate

3

the adequate discharge of the duty to 'consider' matters relevant to sentencing. As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred."). Nor is there any reason why the district court's explanation of its reasons for imposing an enhanced sentence should be regarded as inadequate. Accordingly, we reject Tapia-Vitinio's procedural challenge.

2.    Substantive Reasonableness

In arguing that his 29-month non-Guidelines sentence was substantively unreasonable, Tapia-Vitinio points to the fact that it was almost three times the low end of the Guidelines range. As this court has made plain, however, "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime," and we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 188-89 (emphasis and internal quotation marks omitted). Thus, while the parsimony clause requires a district court to impose "a sentence sufficient, but not greater than necessary," to meet statutory objectives, 18 U.S.C. § 3553(a), we review the sentence actually imposed only for reasonableness, see United States v. Williams, 475 F.3d 468, 476-77 (2d Cir. 2007). The question is not whether we "might reasonably have concluded that a different sentence was appropriate," Gall v. United States, 552 U.S. at 51,

4

but "whether the sentence imposed falls within the broad range that can be considered reasonable," United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008).

With these principles in mind, we identify no basis to conclude that Tapia-Vitinio's sentence is substantively unreasonable. The district court weighed the relevant considerations and discussed the seriousness of Tapia-Vitinio's offense, his history of repeated illegal reentry into this country, and considerations of specific and general deterrence. We do not deem this one of the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted). Accordingly, we reject Tapia-Vitinio's substantive challenge.

3.    Conclusion

We have considered Tapia-Vitinio's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of conviction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court