UNITED STATES V. RODRIGUEZ

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand fifteen.

PRESENT: DENNIS JACOBS,
    RICHARD C. WESLEY,
    SUSAN L. CARNEY,
        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
   <u>Appellee</u>,

   -v.-           13-3798

OMAR RODRIGUEZ,
   <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:     PETER J. TOMAO, Garden City, New York.

FOR APPELLEE:     MICHAEL P. DRESCHER (<u>with</u> Eugenia A.P. Cowles, Gregory L. Waples <u>on the brief</u>) <u>for</u> Tristram J. Coffin, United

States Attorney for the District of Vermont, Burlington, Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the case is **REMANDED** for further findings of fact pursuant to procedures set forth in United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir. 1994).

Omar Rodriguez appeals from the judgment of the United States District Court for the District of Vermont (Murtha, J.), sentencing him after a guilty plea to 262 months' imprisonment and three years' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

After Rodriguez pled guilty to kidnapping, the district court calculated the U.S. Sentencing Guidelines ("USSG") advisory range based on an enhanced sentencing scheme, which applies "if another offense was committed during the kidnapping." USSG § 2A4.1(b)(7). The district court found as an "other offense" attempted murder. The court therefore increased the base offense level by cross-referencing the Guideline for attempted murder. See id. § 2A2.1. On appeal, Rodriguez challenges the district court's cross-reference to the attempted murder Guideline.

The federal offense of attempted murder can be committed only with "a specific intent to kill." United States v. Kwong, 14 F.3d 189, 194 (2d Cir. 1994); see 18 U.S.C. § 1113. The record below includes no express findings regarding Rodriguez's intent. In view of the specific facts and issues presented by this appeal, our review would be assisted by factual findings on the question whether Rodriguez had the requisite intent.

We **REMAND** to the district court to supplement its factual findings by a preponderance of the evidence. See Jacobson, 15 F.3d at 21-22. Specifically, the district court should make findings as to whether Rodriguez had the intent necessary to commit the offense of attempted murder, see Kwong, 14 F.3d at 194; cf. United States v. Atehortva, 69 F.3d 679, 687 (2d Cir. 1995), and necessary to properly apply the cross-reference, see USSG § 2A2.1(a); cf. United States v. Mock, 523 F.3d 1299, 1303-04 (11th Cir. 2008).

2

The mandate shall issue forthwith.  Upon the conclusion of the renewed district court proceedings, either party may restore jurisdiction to this Court by filing with the Clerk of the Court of Appeals, within 30 days, a letter (along with a copy of the relevant supplemental order or transcript) advising the Clerk that jurisdiction should be restored.  No new notice of appeal or additional filing fee will be required.  In the interest of judicial economy, any renewed appeal will be assigned to this panel.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK