13-3798-cr
United States v. Rodriguez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of September, two thousand fifteen.

PRESENT: DENNIS JACOBS,
        RICHARD C. WESLEY,
        SUSAN L. CARNEY,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
      Appellee,

      -v.-                          13-3798

OMAR RODRIGUEZ,
      Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:           PETER J. TOMAO, Garden City, New York.

FOR APPELLEE:            EUGENIA A.P. COWLES for Eric S. Miller, United States Attorney for the District of Vermont, Burlington, Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Omar Rodriguez appeals from the judgment of the United States District Court for the District of Vermont (Murtha, J.), sentencing him after a guilty plea to 262 months' imprisonment and three years' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On the original appeal of the sentence, we remanded pursuant to United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir. 1994), for the district court to make findings as to whether Rodriguez had the intent necessary to commit the offense of attempted murder, thereby supporting the applicable sentencing enhancement. See United States v. Rodriguez, 595 F. App'x 83, 84 (2d Cir. 2015). The district court found that Rodriguez possessed the requisite intent by a preponderance of the evidence, restoring our jurisdiction over Rodriguez's appeal.

**1.** Rodriguez argues that his 262-month sentence is procedurally unreasonable because the district court, in finding that Rodriguez possessed a specific intent to kill, relied in part on the testimony of Rodriguez's friend, William Dillon. "Reasonableness review is akin to that for abuse of discretion . . . ." United States v. Tapia-Vitinio, 463 F. App'x 11, 12 (2d Cir. 2011). Rodriguez had ample opportunity to challenge Dillon's statement in the course of sentencing, which was in any event just one of four specific findings adduced to support the attempted murder sentencing enhancement. See United States v. Rodriguez, No. 1:12-cr-73-1-jgm, 2015 WL 3454725, at *1-*2 (D. Vt. May 29, 2015).

**2.** Rodriguez contends that the district court applied an incorrect standard in finding that he had a specific intent to kill. The district court cited the correct standard--namely that by a preponderance of the evidence, Rodriguez "actually attempted or intended to kill his victim"--and then applied this standard in making its findings. United States v. Stroman, 420 F. App'x 100, 105 (2d Cir. 2011).

2

**3.** Rodriguez argues that, by virtue of <u>Alleyne v. United States</u>, 133 S.Ct. 2151, 2163 (2013), the district court was precluded from considering any facts not admitted during the plea hearing. Rodriguez misreads <u>Alleyne</u>, which does not apply to the advisory Sentencing Guidelines. <u>See</u> <u>United States v. Vaughn</u>, 430 F.3d 518, 528 (2d Cir. 2005) ("[W]hen a judge sentences a defendant within the statutory range authorized by the jury verdict and uses advisory Guidelines to calculate that sentence, there is no Sixth Amendment violation.").

**4.** Rodriguez contends that his case should be remanded to a different judge for resentencing. Because there is no ground for disturbing the district court's judgment, further remand is unnecessary. In any event, Rodriguez has not shown this to be the rare case "in which the judge's fairness or the appearance of the judge's fairness is seriously in doubt." <u>United States v. Bradley</u>, 812 F.2d 774, 782 n.9 (2d Cir. 1987).

For the foregoing reasons, and finding no merit in Rodriguez's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK